**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Andrea Docanto,                               )
                                              )
Plaintiff,                                    )
                                              )
                                              )
v.                                            )  Civil Action No. _____
                                              )
EXPERIAN INFORMATION SOLUTIONS, INC.,         )
                                              )
Defendant.                                    )
                                              )

**COMPLAINT**

I, Andrea Docanto, proceeding pro se, bring this action against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq. ("FCRA"), and state as follows:

**I. PRELIMINARY STATEMENT**

1.      This is an action for actual damages, statutory damages, and costs brought by Plaintiff Andrea Docanto against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq.

2.      Experian systematically failed to maintain maximum possible accuracy in the consumer credit information it compiled and reported regarding Plaintiff, failed to conduct a lawful reinvestigation of Plaintiff's written disputes, and failed to clearly and accurately disclose all information in Plaintiff's file upon request, in violation of Sections 1681e(b), 1681i(a), and 1681g(a) of the FCRA.

**II. JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in this district, and Plaintiff resides in this district.

### III. PARTIES

5. Plaintiff Andrea Docanto is a natural person residing in the Commonwealth of Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. Section 1681a(c).

6. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of Ohio, with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626. Experian is authorized to do business in Massachusetts.

7. Experian is a nationwide "consumer reporting agency" as that term is defined by 15 U.S.C. Section 1681a(f), in that it regularly engages, for monetary fees and on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing and furnishing consumer reports.

8. As a consumer reporting agency of national scope, Experian is fully aware of its obligations under the FCRA.

### IV. FACTUAL ALLEGATIONS

### A. The February 6, 2026 Consumer Disclosure

9.      On or about February 6, 2026, I requested and obtained a copy of my consumer credit disclosure from Experian through the annual credit report portal. Experian generated Report Number 2713-4042-28 on that date ("Experian's Disclosure"). SEE PLAINTIFF'S EXHIBIT A.

10.     Pursuant to 15 U.S.C. Section 1681g(a), upon receipt of a consumer's request, Experian was required to clearly and accurately disclose all information in my file at the time of the request.

11.     Experian's Disclosure reflects that my file contains 41 accounts, 0 public records, and 5 hard inquiries as of the date of generation.

### B. The Capital One Account Ending 414709 -- Inaccurate Balance Reporting

12.     Experian's Disclosure reports a tradeline for Capital One, account number 414709XXXXXXXXXX ("Capital One 414709"), with a reported balance of $11,744, a credit limit of $11,500, and a highest balance of $11,770.

13.     The reported current balance of $11,744 exceeds the reported credit limit of $11,500 by $244. The reported highest balance of $11,770 exceeds the reported credit limit by $270.

14.     Experian's Disclosure contains no notation, explanation, or supplemental information that would account for the discrepancy between the balance fields and the credit limit field -- for example, no overlimit fee notation, no documentation that the credit limit was ever higher than $11,500, and no explanation of how the highest balance came to exceed the

stated limit. Without such documentation, the tradeline as reported is misleading and cannot be verified or reconciled by a consumer from the face of the disclosure.

15. On information and belief, Experian has furnished the Capital One 414709 tradeline to one or more third-party creditors, lenders, or other users of consumer reports. The inaccurate balance and highest balance figures -- both exceeding the stated credit limit without explanation -- were included in those third-party reports, presenting a misleading picture of my creditworthiness to those recipients.

16. The reporting of a balance and highest balance that exceed the stated credit limit, without supporting documentation, constitutes an inaccuracy in the credit file that a reasonable creditor would consider material in evaluating my creditworthiness. See Wright v. Experian Information Solutions, Inc., 805 F.3d 1232, 1239 (10th Cir. 2015).

## C. The Capital One Account Ending 414709 -- File Disclosure Deficiency

17. In addition to the accuracy violation described above, the consumer disclosure Experian provided to me for the Capital One 414709 tradeline contains internally inconsistent balance, highest balance, and credit limit figures that cannot be reconciled from the face of the disclosure. This prevents me from being able to research and evaluate the information contained in my credit file as to this account, in violation of 15 U.S.C. Section 1681g(a).

18. On information and belief, Experian's file regarding my Capital One 414709 account contained information that would explain the discrepancy between the balance and credit limit fields -- such as a record of a higher historical credit limit, overlimit fees, or other transactional data. Experian failed to include that information in its consumer disclosure to me.

**D. Plaintiff's Written Disputes and Experian's Reinvestigation**

19.     Prior to the filing of this complaint, I sent one or more written disputes directly to Experian disputing the accuracy of information in my credit file, including information relating to the accounts described herein. The existence of these disputes is confirmed by the dispute notation comments appearing on the face of Experian's own Disclosure for multiple accounts, as described below.

20.     Upon receipt of a written dispute from a consumer, Experian was required under 15 U.S.C. Section 1681i(a)(1) to conduct a reasonable reinvestigation of the disputed information and, within thirty days of receipt of the dispute, to delete or modify any information that it could not verify, or to notify me that the information was verified as accurate.

**E. The Barclays Bank Delaware Account Ending 000349 -- Reinvestigation Failure**

21.     Experian's Disclosure reports a tradeline for Barclays Bank Delaware, account number 000349XXXXXXXXX ("Barclays 000349"), with a reported status of "Account charged off. $9,402 written off. $5,175 past due as of Feb 2026," a reported balance of $5,175, and a status updated date of December 2023.

22.     The comment field on the Barclays 000349 tradeline in Experian's Disclosure states: "Completed investigation of FCRA dispute - consumer disagrees." This notation confirms that I submitted a written dispute to Experian regarding this account and that Experian completed a reinvestigation of the disputed information.

23.     Despite completing its reinvestigation, Experian continued to report the Barclays 000349 account with the same disputed information that I challenged in my written dispute. The

account continues to appear in my file as a charged-off account with a past due balance, a status I disputed as inaccurate.

24.    Experian's reinvestigation of the Barclays 000349 account was not reasonable within the meaning of 15 U.S.C. Section 1681i(a). A reasonable reinvestigation would have resulted in the correction or deletion of the inaccurate or unverifiable information I disputed.

25.    On information and belief, Experian furnished the Barclays 000349 tradeline with the disputed information to one or more third-party creditors, lenders, or other users of consumer reports after completing its reinvestigation. The continued reporting of the disputed, unverified information to third parties caused me concrete harm to my credit reputation and creditworthiness.

## F. The Capital One Account Ending 517805 -- Reinvestigation Failure

26.    Experian's Disclosure reports a separate tradeline for Capital One, account number 517805XXXXXXXXXXX ("Capital One 517805"), with a reported status of "Open" and a reported balance of $3,602.

27.    The comment field on the Capital One 517805 tradeline states: "Account previously in dispute - investigation complete, reported by data furnisher." This notation confirms that I submitted a written dispute to Experian regarding this account and that Experian completed a reinvestigation, the outcome of which was to defer to the data furnisher's response.

28.    Despite completing its reinvestigation, Experian continued to report the Capital One 517805 account with the disputed information. The notation that the account was "reported by data furnisher" following a consumer dispute does not satisfy Experian's independent

obligation under 15 U.S.C. Section 1681i(a) to conduct a reasonable reinvestigation. Experian may not simply parrot the furnisher's response without independently evaluating the accuracy of the disputed information. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).

29.    On information and belief, Experian furnished the Capital One 517805 tradeline with the disputed information to one or more third-party creditors, lenders, or other users of consumer reports after completing its reinvestigation, causing me concrete harm to my credit reputation and creditworthiness.

### G. The Discover Card Account Ending 601100 -- File Disclosure Deficiency

30.    Experian's Disclosure reports a tradeline for Discover Card, account number 601100XXXXXXXXXX ("Discover 601100"), with a reported status of "Account charged off. $4,154 written off. $2,815 past due as of Jan 2026."

31.    The payment history grid for the Discover 601100 account in Experian's Disclosure shows delinquency codes through November 2023 (90 days past due) but shows no payment history code at all for December 2023. The cell for December 2023 is blank -- no current code, no delinquency code, and no "no data" designation.

32.    The payment history guide within Experian's Disclosure confirms delinquency activity through November 2023, immediately before the blank December 2023 cell. The account does not enter charge-off status until August 2024. The gap at December 2023 therefore represents a missing month of payment history data that Experian possessed in its file but failed to disclose in the consumer disclosure.

33.    On information and belief, Experian's file contained December 2023 payment history data for the Discover 601100 account at the time I requested my consumer disclosure. Experian's failure to include that data in the disclosure it provided to me violated its obligation under 15 U.S.C. Section 1681g(a) to clearly and accurately disclose all information in my file. The missing month prevents me from verifying and evaluating the complete delinquency history of this account.

34.    The failure to provide accurate, full, and clearly presented information in my consumer disclosure constitutes an informational injury in and of itself, as it deprived me of the statutory right to receive all information in my credit file clearly and accurately. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 373 (1982); TransUnion LLC v. Ramirez, 594 U.S. 413, 425 (2021).

### H. Standing and Damages

35.    As a direct and proximate result of Experian's violations of the FCRA described herein, I have suffered actual damages, including but not limited to damage to my credit reputation and creditworthiness, the inability to obtain credit on favorable terms, emotional distress, mental anguish, frustration, and loss of time spent attempting to investigate, dispute, and correct the inaccurate and incomplete information in my credit file.

36.    On information and belief, Experian has furnished consumer reports containing the inaccurate and incomplete information described herein to one or more third parties. The dissemination of inaccurate information about me to third parties constitutes a concrete injury sufficient to establish Article III standing under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

37.     With respect to the file disclosure violations under 15 U.S.C. Section 1681g(a), the deprivation of my statutory right to receive all information in my credit file clearly and accurately constitutes an informational injury that is cognizable under Article III regardless of whether the incomplete information was also disseminated to third parties. See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982).

38.     Experian's violations of the FCRA were willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 57 (2007). As a large, sophisticated consumer reporting agency with detailed knowledge of its obligations under the FCRA, Experian's continued reporting of inaccurate balance and credit limit information, its maintenance of a charged-off tradeline after completing a reinvestigation that the consumer disputed, and its omission of payment history data from a consumer disclosure represent conduct that Experian knew or should have known posed an unjustifiably high risk of violating the FCRA. At a minimum, Experian acted with reckless disregard of its statutory obligations.

39.     In the alternative, Experian's violations of the FCRA were negligent within the meaning of 15 U.S.C. Section 1681o.

## V. CAUSES OF ACTION

### COUNT I

### Violation of 15 U.S.C. Section 1681e(b) -- Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

40.     I incorporate by reference paragraphs 1 through 39 as if fully stated herein.

41.    15 U.S.C. Section 1681e(b) requires that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

42.    Experian violated 15 U.S.C. Section 1681e(b) by preparing and furnishing consumer reports concerning me that reported the Capital One 414709 tradeline with a current balance of $11,744 and a highest balance of $11,770, both exceeding the stated credit limit of $11,500 by $244 and $270 respectively, without any supporting documentation or explanatory notation that would account for the discrepancy. The reporting of a balance in excess of a stated credit limit, without documentation, is an inaccuracy that a reasonably careful consumer reporting agency would have corrected before including the tradeline in any consumer report furnished to a third party.

43.    As a direct and proximate result of Experian's violation of 15 U.S.C. Section 1681e(b), I suffered actual damages as described in paragraph 35. Experian's conduct was willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), entitling me to the greater of actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, plus costs of suit pursuant to 15 U.S.C. Section 1681n(a)(1)(A) and 15 U.S.C. Section 1681n(a)(3). In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. Section 1681o, entitling me to actual damages plus costs of suit pursuant to 15 U.S.C. Section 1681o(a)(2).

## COUNT II

### Violation of 15 U.S.C. Section 1681i(a) -- Failure to Conduct Reasonable Reinvestigation

### (Barclays Bank Delaware, Account 000349XXXXXXXXX)

44.    I incorporate by reference paragraphs 1 through 39 as if fully stated herein.

45.    15 U.S.C. Section 1681i(a) requires that, upon receipt of a written dispute from a consumer, a consumer reporting agency shall, within thirty days, conduct a reasonable reinvestigation of the disputed information and delete or modify any information that cannot be verified, or notify the consumer that the information was verified as accurate.

46.    I sent a written dispute directly to Experian disputing the accuracy of the Barclays 000349 tradeline. More than thirty days elapsed after Experian received my dispute. Experian completed its reinvestigation but declined to correct or delete the disputed information. The comment field in Experian's Disclosure confirms this outcome: "Completed investigation of FCRA dispute - consumer disagrees."

47.    Experian's reinvestigation of the Barclays 000349 tradeline was not reasonable within the meaning of 15 U.S.C. Section 1681i(a). A reasonable reinvestigation would have resulted in the correction or deletion of the specific inaccuracies I disputed. Instead, Experian maintained the tradeline in its disputed form and continued reporting it to third parties, causing me ongoing harm to my credit reputation and creditworthiness.

48.    As a direct and proximate result of Experian's violation of 15 U.S.C. Section 1681i(a) as to the Barclays 000349 account, I suffered actual damages as described in paragraph 35. Experian's conduct was willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), entitling me to the greater of actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, plus costs of suit pursuant to 15 U.S.C. Section 1681n(a)(1)(A) and 15 U.S.C. Section 1681n(a)(3). In

the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. Section 1681o, entitling me to actual damages plus costs of suit pursuant to 15 U.S.C. Section 1681o(a)(2).

## COUNT III

### Violation of 15 U.S.C. Section 1681i(a) -- Failure to Conduct Reasonable Reinvestigation
### (Capital One, Account 517805XXXXXXXXXX)

49.    I incorporate by reference paragraphs 1 through 39 as if fully stated herein.

50.    I sent a written dispute directly to Experian disputing the accuracy of the Capital One 517805 tradeline. More than thirty days elapsed after Experian received my dispute. Experian completed its reinvestigation but declined to correct or delete the disputed information, instead deferring entirely to the data furnisher's response. The comment field in Experian's Disclosure confirms this outcome: "Account previously in dispute - investigation complete, reported by data furnisher."

51.    Experian's reinvestigation of the Capital One 517805 tradeline was not reasonable within the meaning of 15 U.S.C. Section 1681i(a). A consumer reporting agency cannot satisfy its independent reinvestigation obligation by simply deferring to the data furnisher's verification without conducting its own independent evaluation of the accuracy of the disputed information. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997); Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993).

52.    As a direct and proximate result of Experian's violation of 15 U.S.C. Section 1681i(a) as to the Capital One 517805 account, I suffered actual damages as described in

paragraph 35. Experian's conduct was willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), entitling me to the greater of actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, plus costs of suit pursuant to 15 U.S.C. Section 1681n(a)(1)(A) and 15 U.S.C. Section 1681n(a)(3). In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. Section 1681o, entitling me to actual damages plus costs of suit pursuant to 15 U.S.C. Section 1681o(a)(2).

## COUNT IV

### Violation of 15 U.S.C. Section 1681g(a) -- File Disclosure Deficiency (Capital One, Account 414709XXXXXXXXXX)

53.    I incorporate by reference paragraphs 1 through 39 as if fully stated herein.

54.    15 U.S.C. Section 1681g(a) requires that, upon a consumer's request, a consumer reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

55.    Experian violated 15 U.S.C. Section 1681g(a) with respect to the Capital One 414709 tradeline by providing me with a consumer disclosure that presents a reported balance of $11,744 and a highest balance of $11,770, both exceeding the stated credit limit of $11,500, without any accompanying information that would allow me to understand, verify, or reconcile those figures. The consumer disclosure as provided does not clearly and accurately reflect the complete information in my file regarding this account.

56.    On information and belief, Experian's file contained additional data regarding the Capital One 414709 account -- such as records of the credit limit history, overlimit transactions, or fee assessments -- that would explain the discrepancy between the balance figures and the stated credit limit. Experian failed to include that information in the consumer disclosure it provided to me, in violation of 15 U.S.C. Section 1681g(a). See Advisory Opinion to Darcy, FTC Staff Letter, June 30, 2000 (a CRA that always truncates or omits account information does not technically comply with Section 609 because it fails to provide clear and accurate disclosure of all information in the file).

57.    As a direct and proximate result of Experian's violation of 15 U.S.C. Section 1681g(a) as to the Capital One 414709 account, I suffered an informational injury -- the deprivation of my statutorily created right to receive a clear and accurate disclosure of all information in my credit file -- as well as actual damages as described in paragraph 35. Experian's conduct was willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), entitling me to the greater of actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, plus costs of suit pursuant to 15 U.S.C. Section 1681n(a)(1)(A) and 15 U.S.C. Section 1681n(a)(3). In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. Section 1681o, entitling me to actual damages plus costs of suit pursuant to 15 U.S.C. Section 1681o(a)(2).

## COUNT V

### Violation of 15 U.S.C. Section 1681g(a) -- File Disclosure Deficiency (Discover Card, Account 601100XXXXXXXXXX)

58.   I incorporate by reference paragraphs 1 through 39 as if fully stated herein.

59.   Experian violated 15 U.S.C. Section 1681g(a) with respect to the Discover 601100 tradeline by providing me with a consumer disclosure that omits payment history data for December 2023. The payment history grid for this account shows delinquency codes through November 2023 and then shows a blank cell for December 2023 -- no payment status code, no delinquency code, and no designation indicating that no data existed for that month. The account does not enter charge-off status until August 2024, meaning December 2023 is a payment history month for which data should exist in Experian's file.

60.   On information and belief, Experian's file contained payment history data for December 2023 for the Discover 601100 account at the time I requested my consumer disclosure. Experian failed to include that data in the disclosure it provided to me. The omission of this data prevents me from reviewing and verifying the complete delinquency history of the account, in violation of 15 U.S.C. Section 1681g(a).

61.   As a direct and proximate result of Experian's violation of 15 U.S.C. Section 1681g(a) as to the Discover 601100 account, I suffered an informational injury -- the deprivation of my statutorily created right to a clear and accurate disclosure of all information in my credit file -- as well as actual damages as described in paragraph 35. Experian's conduct was willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), entitling me to the greater of actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, plus costs of suit pursuant to 15 U.S.C. Section 1681n(a)(1)(A) and 15 U.S.C. Section 1681n(a)(3). In the alternative, Experian's conduct

was negligent within the meaning of 15 U.S.C. Section 1681o, entitling me to actual damages

plus costs of suit pursuant to 15 U.S.C. Section 1681o(a)(2).

## VI. PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court enter judgment in my favor against

Defendant Experian Information Solutions, Inc. and award the following relief:

(a) Actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. Section

1681n(a)(1)(A) and 15 U.S.C. Section 1681o(a)(1);

(b) Statutory damages of not less than $100 and not more than $1,000 per violation,

pursuant to 15 U.S.C. Section 1681n(a)(1)(A);

(c) Punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2);

(d) Costs of suit pursuant to 15 U.S.C. Section 1681n(a)(3) and 15 U.S.C. Section

1681o(a)(2);

(e) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

*Andrea Docanto*

Andrea Docanto